# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | RICHARD K. MATANLE, II | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J.  07068-1739** | FRANCIS C. HAND | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | PHONE (973) 994-1700 | AVRAM S. EULE | ALAN J. GRANT° |
| ELLIOT M. OLSTEIN | KENNETH L. WINTERS | FAX (973) 994-1744 | RAYMOND W. FISHER | STEPHEN R. DANEK |
| ARTHUR T. VANDERBILT, II | JEFFREY A. COOPER | www.carellabyrne.com | | ERIC MAGNELLI |
| JAN ALAN BRODY | CARL R. WOODWARD, III | | OF COUNSEL | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | | | AUDRA E. PETROLLE |
| CHARLES M. CARELLA | DENNIS F. GLEASON | | | MEGAN A. NATALE |
| JAMES E. CECCHI | DAVID G. GILFILLAN | | | AMANDA J. BARISICH |
| | G. GLENNON TROUBLEFIELD | | | ZACHARY S. BOWER+ |
| | BRIAN H. FENLON | | | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | | | |
| JOHN G. GILFILLAN III (1936-2008) | CAROLINE F. BARTLETT | | | °MEMBER NY BAR ONLY |
| | | | | +MEMBER FL BAR ONLY |

September 12, 2012

VIA ECF

Honorable William J. Martini
United States District Judge
United States District Court
M.L. King Jr. Federal Bldg. & Cthse, Room 4076
50 Walnut Street
Newark, New Jersey 07102

Honorable Mark Falk
United States Magistrate Judge
United States District Court
Frank R. Lautenberg U.S. P.O. & Cthse., Room 457
1 Federal Square
Newark, New Jersey 07102

      Re:   *Lydia Fabend, et al., v. L'Oreal USA, Inc., et al.*
            Civil Action No. 12-03571(WJM) (MF)

Dear Judge Martini and Judge Falk:

    We are co-counsel for plaintiffs Lydia Fabend, Rosemarie Murphy, and Kimberly Davis (collectively "Plaintiffs") and the putative Class in the above-referenced action. Please accept this letter in support of Plaintiffs' application to appoint Carella, Byrne, Cecchi, Olstein, Brody & Agnello ("Carella Byrne") as interim lead class counsel pursuant to Rule 23(g). A proposed form of Order is enclosed for the Court's convenience.

    **A.**    **Appointment of Proposed Interim Class Counsel is Appropriate**

    Pursuant to Federal Rule of Civil Procedure 23(g)(3), this Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In complex cases such as this one, it

September 12, 2012
Page 2

is well-established that the Court may appoint a plaintiff leadership structure to coordinate the prosecution of the litigation.

Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56 (E.D.N.Y. 2006). Courts apply the same factors when appointing interim class counsel that they apply when choosing class counsel at the time of certification of the class. *See Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008); *In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Fed.R.Civ.P. 23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.").

In doing so, the factors to be considered focus on: (1) the work counsel has done in investigating and identifying the claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel can bring to bear to represent the class. *Bearhard v. TD Bank, N.A.*, Civ. No. 08-4392, 2009 U.S. Dist. LEXIS 92308, at 14 (D.N.J. Oct. 5, 2009) (citing Fed. R. Civ. P. 23(g)(1)(A)).

### 1. Proposed Interim Class Counsel Has Investigated and Identified the Claims in This Action and Has Diligently Advanced This Litigation

The first consideration is the work that counsel has done to identify or to investigate the claims involved in the action. In this case, Carella Byrne has taken significant steps to identify and to investigate Plaintiff's claims and has made every effort to advance this litigation. Our extensive factual and legal research into the subject matter, work in identifying and investigating the claims, and filing of the first action, demonstrate that we will fairly and adequately lead the litigation and represent the class. Carella Byrne has also demonstrated its ability to lead the litigation and to work cooperatively with other counsel. For instance, Carella Byrne initiated and led efforts to coordinate the various plaintiffs' counsel and has contacted counsel to discuss coordination in New Jersey. Carella Byrne's efforts will foster efficiency and cooperation among all plaintiffs' counsel.

September 12, 2012
Page 3

While no one factor under Rule 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigatory and analytical efforts of counsel can be a deciding factor:

> [i]n a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FEDERAL PRACTICE § 23.120[3][a] (3D. ED. 2007).

Thus, there can be no question that Carella Byrne satisfies the first criteria for appointment under Rule 23(g) as it prepared and filed the first complaint.

### 2. Proposed Interim Class Counsel Has Extensive Experience in Litigating Similar Class Actions and Is Knowledgeable in the Applicable Law

A class is fairly and adequately represented where counsel is qualified, experienced, and generally able to conduct the litigation on its behalf. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 923 (3d Cir. 1992); *In re Prudential Insurance of America Sales Practices Litigation*, 962 F. Supp. 450, 519 (D.N.J. 1997). Here, there is no question that Carella Byrne satisfies the second and third inquiries into determining interim class counsel in that they each have the background, experience, and requisite knowledge to manage and prosecute this case and advance the claims asserted herein. Carella Byrne is experienced in complex and class action litigation of this nature and is well qualified to lead the Class under Rule 23. While our firm's work and qualifications are well known to the Court, our firm resume is enclosed for the Court's convenience. In summary, Carella Byrne is very familiar litigating large-scale and complex consumer class-actions, and the firm's attorneys are, of course, very familiar with this Court's rules and procedures. Carella Byrne will apply its unique knowledge of the claims and its familiarity with the Court's rules and procedures to further the class's interests and maximize their recovery.

### 3. Proposed Interim Class Counsel Has the Resources Necessary to Effectively Prosecute This Litigation

September 12, 2012
Page 4

The final factor to be considered by this Court under Rule 23(g)(1)(C) is whether proposed counsel has the resources to devote to this case. There can be no question, as evidenced by the work performed already in this case, that Carella Byrne is well capitalized and willing to commit substantial human resources to research, investigate, and prosecute this case. Previous cases litigated by this firm, as indicated in its firm resume, further demonstrate that it is dedicated to providing whatever resources are necessary to prosecute a case through to an ultimate decision. This evinces a resolve and an ability to devote resources to the diligent prosecution of this action. Therefore, appointment of Carella Byrne is warranted as it clearly has the necessary resources to prosecute this action.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that Carella Byrne be appointed interim lead counsel to represent Plaintiffs and the putative Class in this litigation.

Thank you for your attention to this matter. Of course, if the Court has any questions, we are available to discuss them either in person or by telephone conference.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ James E. Cecchi

JAMES E. CECCHI

Enclosures
cc:   All Counsel of Record (via ECF)