**DEBEVOISE & PLIMPTON LLP**

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

Jeffrey S. Jacobson
Partner
Tel 212 909 6479
Fax 212 521 7479
jsjacobson@debevoise.com

September 19, 2012

<u>**ELECTRONICALLY FILED**</u>

Honorable William J. Martini
United States District Judge
M.L. King Jr. Federal Courthouse, Room 4076
50 Walnut Street
Newark, New Jersey 07102

Honorable Mark Falk
United States Magistrate Judge
Frank R. Lautenberg U.S. Courthouse, Room 457
1 Federal Square
Newark, New Jersey 07102

*Lydia Fabend, et al. v. L'Oreal USA, Inc., et al.*, No. 12-3571 (WJM) (MF)

Dear Judges Martini and Falk:

On behalf of defendants L'Oréal USA, Inc., Lancôme, Inc. and Lancôme Luxury Products, LLC (together "L'Oréal USA"), we write in opposition to the Carella Byrne firm's request – made by letter dated September 12, 2012 (Docket No. 23) – to be appointed "interim lead class counsel pursuant to [Fed. R. Civ. P.] 23(g)."

The 2003 Advisory Committee Note to Rule 23(g)(3) makes clear that appointment of "interim counsel" is appropriate only under unusual circumstances that are not present here. The Note states that, "[i]n some cases . . ., there may be rivalry or uncertainty [among competing counsel] that makes formal designation of interim counsel appropriate." "Ordinarily," it says, pre-certification work "is handled by the lawyer who filed the action." "Failure to make the formal designation," the Note concludes, "does not prevent the attorney who filed the action from proceeding in it" — and would impose no practical restrictions on the Carella Byrne firm here.

No "rivalry or uncertainty" exists in this case. No other actions have been filed, in this District or elsewhere, challenging L'Oréal USA's advertising of the products at issue. Carella Byrne's letter states that it already has "coordinated" the efforts of the five law firms listed as plaintiffs' counsel in the First Amended Complaint (up from three in the original complaint). Under these circumstances, the extraordinary procedure of appointing interim counsel is not

necessary.  Even if it were, Carella Byrne certainly should not be designated "interim *lead class counsel*" (emphasis ours) — a term that Rule 23(g) does not authorize and seems intended only to create the appearance that a class ultimately should be certified in the case, notwithstanding the substantial arguments that L'Oreal USA will make in opposition to certification.

In *Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross and Blue Shield of N.J.*, No. 08-6160, 2011 WL 5881924, at *7 (D.N.J. Sept. 16, 2011), Magistrate Judge Arleo denied a request for appointment of interim counsel where, as here, "no other similar class actions are pending at this time" and no "rivalry or confusion" was present.  L'Oréal USA is aware of no reported New Jersey case in which a court has resorted to Rule 23(g)(3) when only one action is pending.  The cases cited in Carella Byrne's letter are not to the contrary.  *See Bearhard v. TD Bank, N.A.*, No. 08-4392, 2009 U.S. Dist. LEXIS 92308 (D.N.J. Oct. 5, 2009) (appointing class counsel in the context of a proposed settlement); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (resolving four competing motions for interim counsel status); *Waudby v. Verizon Wireless Services, Inc.*, 248 F.R.D. 173, 175-76 (D.N.J. 2008) (resolving competing claims for interim counsel status).

L'Oréal USA therefore respectfully requests that the Court deny Carella Byrne's request for appointment as "interim lead class counsel."

                                  Respectfully submitted,

                                  Jeffrey S. Jacobson

cc:    Caroline F. Bartlett, Carella Byrne