**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: L'OREAL WRINKLE CREAM MARKETING PRACTICES LITIGATION | MDL 2415<br><br>Master Docket No: 2:12-cv-3571 (WJM)(MF) |
| This Document Relates To: ALL CASES | **CASE MANAGEMENT ORDER NO. 2** |

This matter comes before the Court upon the parties' joint submission seeking to address preliminary issues with respect to the future conduct of the above-captioned multidistrict litigation (the "Litigation"); and the Court having considered the submission of the parties; and for good cause shown;

**IT IS** on this 26th day of February 2013, hereby **ORDERED**:

1. **APPLICABILITY OF ORDER**

Prior to the initial scheduling conference and entry of a comprehensive order governing all further proceedings in the Litigation, the provisions of this Order shall govern the practice and procedure in the civil actions that were centralized in this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of December 12, 2012, as well as those actions subsequently transferred by the Panel. These actions are listed on Exhibit A. This Order also applies to all "tag-along" actions and other related cases that may be filed in, removed to, or transferred to this Court for consolidation with the Litigation.

2740656-02

2. CONSOLIDATION OF ACTIONS

The civil actions listed on Exhibit A shall be consolidated for pretrial purposes. Any actions later filed in, removed to, or transferred to this Court, or directly filed in the District of New Jersey, that involve claims against L'Oreal USA, Inc., Lancôme, Inc., and/or Lancôme Luxury Products, LLC (collectively "L'Oreal" or "Defendants") for sales and marketing practices regarding Lancôme anti-aging wrinkle cream products, specifically the Lancôme Collections including Visionnaire, Genifique, Renergie, High Resolution, and Absolue and L'Oreal Paris Youth Code anti-aging wrinkle cream products ("tag-along actions") will automatically be consolidated with this matter without the necessity of future motions, applications, or orders.

3. SINGLE LITIGATION TRACK

To allow this action to proceed in an efficient, manageable, and streamlined fashion, there shall be one litigation track for all actions consolidated pursuant to this Order. These actions shall be governed by a single Master Consolidated Complaint, as discussed in paragraph 10 below.

4. PRE-TRANSFER DEADLINES

A. In order to facilitate the coordination of this Litigation, this order vacates any case deadlines, hearing dates, case management or scheduling order, or other scheduled dates applicable to any action prior to the transfer to and consolidation with this Litigation. The Defendants' deadline(s) to answer, move or otherwise respond to any complaint in any individual actions is hereby suspended

pending the filing of a Master Consolidated Complaint on the Master Docket, as more fully set forth in paragraph 10 below.

5.  MASTER DOCKET

The Clerk of the Court shall establish a Master Docket for this matter under the caption "In re: L'Oreal Wrinkle Cream Marketing Practices Litigation," and the identification "MDL No. 2415." The Master Docket shall be Civil Action No. 2:12-cv-3571 (WJM)(MF). Entries shall be made thereon in accordance with the regular procedures of the Clerk, except as modified by this Order. Entries in the Master Docket shall be applicable to all related and consolidated civil actions in this Litigation as more fully set forth below.

6.  SEPARATE DOCKETS FOR RELATED ACTIONS

Separate dockets shall also be maintained for each of the civil actions in the Litigation and for any tag-along action filed in or transferred to this Court after the date hereof. Entries shall be made thereon in accordance with the regular procedures of the Clerk, except as modified by this Order. The Clerk shall maintain a separate file for each of the civil actions in the Litigation and for any tag-along action filed in or transferred to this Court after the date hereof. All papers previously filed and served to date in any of the civil actions in the Litigation are deemed part of the file of those actions. The Clerk shall file a copy of this Order in each such separate file. All future orders, pleadings, motions and other documents applicable to "All Cases," as explained in paragraph 7 below shall, when filed and docketed in the Master File shall be deemed filed and docketed in every civil action in the Litigation.

3

2740656-02

7. CAPTIONS AND FILING

A. Every document filed in this Litigation shall bear the following caption:

| IN RE: L'OREAL WRINKLE CREAM MARKETING PRACTICES LITIGATION | MDL 2415<br><br>Master Docket No: 2:12-cv-3571 (WJM)(MF) |
|---|---|
| This Document Relates To: | |

B. Any order, pleading, motion, or other document submitted in the Litigation intended to apply to all civil actions therein shall include in its caption: "This Document Relates To: ALL CASES" and shall be filed and docketed only in the master file. Such papers need not be filed, and docket entries need not be made, in any other case file or docket.

C. Documents that pertain to one or only some of the actions shall indicate in their caption after "This Document Relates To:" the last name of the named plaintiff(s) and the docket number(s) of the action(s) to which they apply. Such papers shall be filed in the Master File and in the file of each specific action to which the paper is intended to apply, and the Clerk shall note such filing in the Master Docket and in the docket of each such action.

D. When a related action is filed in this District or transferred to this District by the Judicial Panel on Multidistrict Litigation, the Clerk shall: (1) file a copy of this Order in the separate file for such action; (2) make an appropriate entry

4

on the Master Docket; and (3) mail to the attorneys for the plaintiff in the newly-filed or transferred civil action a copy of this Order.

8.     ELECTRONIC CASE FILING AND SERVICE OF DOCUMENTS

A.     This case is subject to Electronic Case Filing ("ECF") pursuant to Standing Order 05-1 and Local Rule 5.2, which require that all documents in a civil case be filed electronically. Eligible attorneys shall register as ECF Users pursuant to Local Rule 5.2(4). All documents shall be electronically filed on the Master Docket No. 2:12-cv-3571 (WJM)(MF) pursuant to the Local Rules and ECF procedures. Documents that pertain to only some of the actions shall also be electronically filed on the individual docket(s) for the action(s) to which the document pertains.

B.     The Court will serve all orders through the ECF system. Plaintiffs' Lead Counsel or Executive Committee shall be responsible for providing copies of any order to any plaintiff/plaintiff's counsel who does not receive service through the ECF system. Per the Court's Electronic Case Filing Policies and Procedures found at www.njd.uscourts.gov/cm-ecf/FinalPoliciesProcedures2008.pdf, transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon all recipients.

C.     Documents applicable to all actions that are not filed with the Court, including discovery requests and responses, shall be served by e-mail on Plaintiffs' Interim Lead Counsel, James E. Cecchi and Caroline F. Bartlett, and any other persons designated by Plaintiffs' Interim Lead Counsel, and on L'Oreal's Counsel, Jeremy Feigelson and Jeffrey S. Jacobson, and any other persons designated on

5

behalf of L'Oreal.  A courtesy hard copy shall also be sent only to Lead Counsel for either side.  Should either party believe it necessary to alter the procedures described herein for service of documents not filed with the Court, the parties shall meet and confer to discuss whether and what alteration is appropriate.

D. In addition to electronic filing, one copy of all filed letters, motion papers and briefs clearly marked "Courtesy Copy" shall be submitted directly to the Judge's Chambers as appropriate pursuant to the Judge's policies and procedures and/or directions.

9. APPEARANCES OF ATTORNEYS

A. In accordance with Rule 2.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, any attorney of record in an action transferred to the Court under 28 U.S.C. § 1407 shall be deemed admitted *pro hac vice* to practice before this Court in connection with the Litigation, provided that such counsel is admitted and in good standing in any federal district court. Association of local counsel is not required.  Any additional attorneys seeking to appear on behalf of the parties in this matter who are not admitted to practice in this District and did not enter an appearance prior to the transfer of the matter must make an application to this Court in accordance with L. Civ. R. 101.1, for *pro hac vice* admission in the Master Docket.  Counsel are expected to familiarize themselves with the Local Rules of the District of New Jersey. Counsel are instructed to register for electronic notification.  The registration form may be found on the District of New Jersey website at www.njd.uscourts.gov.

B.   All attorneys who will be participating in the Litigation on behalf of any party must file an appearance on the Master Docket and any applicable individual docket.

10.   FILING OF PLAINTIFFS' MASTER CONSOLIDATED COMPLAINT AND DEFENDANTS' RESPONSE

A.   Plaintiffs shall file and serve a single Master Consolidated Complaint reflecting all claims that plaintiffs are asserting in this Litigation by March 11, 2013. The Master Consolidated Complaint shall be the sole operative complaint in the Litigation, and it shall supersede any other complaints filed in separate actions prior to their consolidation in this Litigation. All rulings by the Court with respect to the Master Consolidated Complaint, including but not limited to rulings as to Defendants' motion to dismiss, Plaintiffs' motion for class certification, and motions for summary judgment, shall apply to any "tag-along" actions or other related cases that are consolidated into this Litigation, including any cases that are subsequently consolidated after the filing of the Master Consolidated Complaint. Subject to the foregoing, except for the cases filed in the District of New Jersey, a plaintiff's participation in the Master Consolidated Complaint pursuant to this Order "does not constitute a determination that [the underlying] actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure." Manual for Complex Litigation (Fourth) § 40.21.

B.   Defendants shall answer, move or otherwise respond to the Master Consolidated Complaint by April 26, 2013. If Defendants file a motion to dismiss with respect to less than all of the counts of the Consolidated Amended Complaint,

7

Defendants shall not be required to answer the counts that are not subject to the motion unless and until ordered to do so by the Court. Defendants shall not be required to file any separate motions, answers, or other responses to any complaints other than the Master Consolidated Complaint.

        C.     If Defendants file a motion to dismiss with respect to the Master Consolidated Complaint, Plaintiffs shall file any opposition by June 14, 2013. Defendants' reply papers shall be filed by July 8, 2013.

        D.     If Defendants file a motion to dismiss the Master Consolidated Complaint and if any part of the Plaintiffs' case survives that motion to dismiss, L'Oreal will answer or otherwise respond to the surviving claims and allegations within 30 days of the entry of the Court's order on the motion to dismiss (or such other date as the Court may order).

        11.     INITIAL CONFERENCE OF COUNSEL

Within 15 days of the entry of this Order, the parties will meet and confer with respect to the preservation of documents that may be relevant to the action and will attempt to reach agreement on the scope of discovery, if any, that will occur pending a ruling on Defendants' motion to dismiss the Master Consolidated Complaint. Participation in this meet and confer shall not preclude any party from seeking a complete stay of discovery pending a decision on any motion to dismiss filed with respect to the Master Consolidated Complaint, nor shall it prevent any party from serving any requests for discovery permitted by applicable rules. The parties shall meet and confer with respect to any discovery disputes and, should they be unable to reach agreement after concluding their meet and confer in

2740656-02

accordance with L. Civ. R. 37.1(b)(1), the parties shall submit their respective proposals to the Court utilizing a joint letter protocol.

_/s/ William J. Martini_
Hon. William J. Martini, U.S.D.J.

2740656-02

# EXHIBIT A

## IN RE: L'OREAL WRINKLE CREAM MARKETING PRACTICES LITIGATION

### MDL Member Case Chart

|   | Case Name | Named Plaintiff(s) | Originating Court Docket No. | NJ Docket No. |
|---|---|---|---|---|
| 1. | *Fabend, et al. v. L'Oreal USA, Inc., et al.* | Lydia Fabend, Rosemarie Murphy, Kimberly Davis | N/A | 2:12-03571 |
| 2. | *Nino v. L'Oreal USA, Inc., et al.* | Constanza Nino | 1:12-23462 (S.D. Fla. Sept. 21, 2012) | 2:12-07685 |
| 3. | *Rawson v. L'Oreal USA, Inc., et al.* | Mary Rawson | 1:12-7725 (N.D. Ill. Sept. 27, 2012) | 2:13-00440 |
| 4. | *Kallen, et al. v. L'Oreal USA, Inc., et al.* | Sonia Kallen, Robin Kviatovsky | 2:12-9479 (C.D. Cal. Nov. 5, 2012) | 2:12-07924 |
| 5. | *Cuervo v. L'Oreal USA, Inc., et al..* | Suzanne Cuervo, Lana Parra, Deborah Armas, | 2:12-9744 (C.D. Cal. Nov. 14, 2012) | 2:12-07925 |
| 6. | *Absi v. L'Oreal USA, Inc., et al.* | Aida Absi | 2:12-9867(C.D. Cal. Nov. 16, 2012) | 2:12-07869 |
| 7. | *Schwartz, v. L'Oreal USA, Inc., et al.* | Alyssa Schwartz | 4:12-5557 (N.D. Cal. Oct. 29, 2012) | 2:12-07922 |
| 8. | *Bauer v. L'Oreal USA, Inc., et al.* | Lynn Bauer | 4:12-167 (N.D. Cal. Nov. 15, 2012) | 2:12-07923 |
| 9. | *Gordon, et al. v. L'Oreal USA, Inc., et al.* | Justin Gordon, Melissa King | 1:12-11713 (D. Mass. Sept. 13, 2012) | 2:13-00016 |

2740656-02