**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: L'OREAL WRINKLE CREAM MARKETING PRACTICES LITIGATION**<br><br>**This Document Relates To: ALL CASES** | MDL 2415<br><br>Civil Action No. 12-3571 (WJM)<br>(*Master Docket*)<br><br>**OPINION** |

**FALK, U.S.M.J.**

Before the Court is Plaintiffs' motion for leave to file an amended complaint. [ECF No. 230.] The motion is opposed. No argument is necessary. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiffs' motion is **GRANTED**.

**BACKGROUND**[1]

This is a false advertising multidistrict litigation comprised of putative class actions against cosmetics manufacturer L'Oreal USA, Inc.[2] Plaintiffs' Master Consolidated Complaint contains 26 counts alleging, *inter alia*, consumer fraud act violations, unjust enrichment, and breach of express warranty with respect to 30 disputed L'Oreal products, 16 of which Plaintiffs purchased and 14 of which they did not. The pleading survived a pre-answer motion to dismiss, save for two counts alleging unjust enrichment under New Jersey law. See In re L'Oreal Mktg. & Sales Practices Litig., 2013 WL 6450701 (D.N.J. Dec. 9, 2013).

---

[1] The history of this case is well known to the parties. Only certain relevant information is summarized below.

[2] Defendants are: L'Oreal USA, Inc.; Luxury Products, LLC; and Lancôme, Inc. They are collectively referenced as "L'Oreal USA."

On March 28, 2014, the first scheduling order in the case was entered, permitting discovery to commence and ordering the completion of all fact discovery by December 31, 2014. [ECF No. 79.] Any motions to amend were due by December 1, 2014. [Id.] Since that time, the Court has held at least 15 additional conferences with the parties to address a wide range of disputes, including basic document production disputes; disputes over 30(b)(6) depositions; disputes relating to document production from overseas L'Oreal companies implicating French law; and disputes over third-party subpoenas served on 10 retailers of L'Oreal products. Every issue has been fought tooth and nail and many have necessitated full and formal briefing at the parties' request, despite the preference in the Local Civil Rules for the informal resolution of discovery disputes. See L. Civ. R. 37.1. Simply put, this is a scorched earth litigation battle with no party giving quarter on almost any issue. Thus, progress has been slow. Despite a discovery period of more than a year, the parties agree that many additional months of discovery will be needed, and that does not account for expert discovery and motion practice. The reality is the case is still in the somewhat early stages and much remains to be accomplished.[3]

Against that backdrop, Plaintiffs have made their first request to file an amended complaint in this large, complicated case. Plaintiffs seek the following: (1) to bring a breach of contract claim and claim for violation of 18 U.S.C. § 1961, *et seq*. ("RICO") against current Defendant L'Oreal USA and a new Defendant, L'Oreal S.A. ("L'Oreal France"); and (2) to add L'Oreal France as a Defendant on the claims already in the case for unjust enrichment, breach of express warranty, and consumer fraud.

Plaintiffs claim that leave to file their amended pleading should be granted because this is the first amendment of the complaint sought in this case; because the facts supporting the amendment have only recently been fully uncovered in discovery; because there remains much discovery to be completed in this case and no party will be prejudiced by the amendment; and because any delay in bringing the amendment is attributable to Defendants' approach toward discovery.

---

[3] The parties have been repeatedly directed to meet-and-confer and submit a proposed, revised order scheduling the remainder of the case. They have apparently been unable to do so in part because of this pending motion. They also disagree on whether the new scheduling order should include a revised date for the amendment of pleadings. In discussing a new schedule, it seems that Defendants may have refused to include a new date for the amendment of pleadings because doing so would amount to relinquishing their argument, discussed *infra*, that "good cause" need be shown in order for Plaintiffs to file their current proposed amended complaint.

Defendants counter that the amendment should be denied because Plaintiffs have delayed in seeking leave to amend; that the scheduling order deadline for amended pleadings has passed and no "good cause" for the amendment has been shown; because the amendment is for tactical reasons relating to document production from L'Oreal France; and because the claims are futile and would not survive a motion to dismiss.

## DISCUSSION

### A.   Legal Standard

The parties dispute whether Plaintiffs are required to show "good cause" under Rule 16(b) to file their amended complaint or whether the analysis should be controlled by the general and liberal Rule 15 principles.  Defendants' position is that the December 1, 2014 deadline for the amendment of pleadings, which was placed in the Court's original scheduling order from March 2014, should control Plaintiffs' request to amend.  And because that deadline passed long ago, Plaintiffs should be required to show "good cause" before being permitted to file an amended complaint.[4]

Plaintiffs counter that Rule 15 alone should apply.  Plaintiffs' position is a practical one: the scheduling order has been amended on multiple occasions already, with fact discovery repeatedly extended.  The contemplation in preparing in the original scheduling order was to have the amendment deadline close to the deadline for the close of discovery.  Thus, it is basically only by inadvertence that the deadline

---

4 Rule 16(b)(4) provides in relevant part: "A schedule may be modified only for good cause." Good cause largely depends on the diligence of the moving party. Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).  To establish good cause, the movant must show that "despite its diligence, it could not reasonably have met the scheduling order deadline." Hutchins v. United Parcel Service, No. 01-1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005).  What will constitute "good cause" to warrant modification "necessarily varies with the circumstances of each case." 6A Alan Wright et al., Federal Practice & Procedure § 1522.2, at 313 (3d ed. 2010).  The Court therefore has "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule 16(b)." Thoman v. Philips Med. Sys., No. 04-3698, 2007 WL 203943, at *10 (D.N.J. Jan. 24, 2007) (citing 3 James W. Moore et al., Moore's Federal Practice § 16.14[1][b] (3d ed.1997)).  A request to file an amended pleading after a deadline contained in a scheduling order generally implicates Rule 16(b). See Dimensional Commc'n Inc. v. Oz Optics, Ltd., 148 Fed. Appx. 82, 85 (3d Cir. 2006).

for amending pleadings was not also extended. Moreover, the parties are presently negotiating another amended scheduling order and that the deadline for amended pleadings should be extended along with the dates for discovery and everything else.

The Court will apply Rule 15 to Plaintiffs' motion. There is no need for Plaintiffs to show good cause under Rule 16 based on the circumstances of this case. The scheduling order has repeatedly been extended with the involvement and consent of both parties. The parties are also negotiating another extension of discovery. The bottom line is the deadline for amended pleadings contained in the original scheduling order is – and has been – inoperative for quite some time, much like the rest of the scheduling order. It would be illogical to hold Plaintiffs to an amendment deadline date in a scheduling order that long ago went stale. This is especially so because discovery will again be extended. The Court's original scheduling order had the deadline for amendment of the pleadings approximately 30 days prior to the close of discovery in December 2014. [ECF No. 79.] Since discovery will again be extended, it makes zero sense to hold Plaintiffs to an amendment deadline of December 2014, when discovery may now remain open well into 2016.[5]

Rule 15 provides that once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The ultimate decision to grant or deny leave to amend is a matter

---

5 If the Court were to apply Rule 16, the amendment would still be appropriate, as Plaintiffs have shown sufficient good cause for seeking to amend after the deadline in the original scheduling order. The good cause shown includes: the entire lengthy and contentious discovery history in the case; the length of time occupied by formal briefing of discovery motions, which eroded the discovery period and delayed the exchange of information in the case; and the alleged revelations in the recent depositions of L'Oreal and Retailer witnesses Mr. Brocklehurst, Ms. Burns, Mr. Rabinowitz and Mr. Kanji, which Plaintiffs claim revealed "the extent to which the new proposed defendant L'Oreal France was involved in the development, manufacture, marketing and sales of the Wrinkle Cream Products, and the extent to which the Retailers participated with the U.S. L'Oreal Defendants in the marketing of the Lancôme Products." (Pls.' Br. 16.) The Court has "great discretion" in determining "good cause" in a particular case, see, e.g., Thoman, 2007 WL 203943, at *10. Given the Court's long standing involvement in the case and first hand observation of the proceedings, the Undersigned is satisfied that the above constitutes ample good cause.

committed to the court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1970). The Third Circuit has "made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action." Leased Optical Dep't, Inc. v. Opti-Center, Inc., 120 F.R.D. 476, 479 (D.N.J. 1988) (quotes omitted).

**B.  Plaintiffs' Amendment**

    **1.  No Prejudice**

"Prejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406,1414 (3d Cir. 1993). Incidental prejudice is insufficient grounds on which to deny leave to amend. See In re Caterpillar, Inc. , 67 F. Supp. 3d 663, 668 (D.N.J. 2014). Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum. See, e.g., Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).

Plaintiffs' proposed amendment is not unduly prejudicial. First, the motion will not require L'Oreal USA to expend significant additional resources, and L'Oreal USA has been insistent in other disputes in this case that it is entirely distinct from L'Oreal France. The theories in the amended complaint involve the same general allegations, even if the allegations are used to support slightly different or more developed claims. Moreover, discovery is not over and will not be for some time. To the extent the amended pleading will require additional or new discovery, much of it has already been sought from the parties in the case and is being battled over. There is no more than "incidental" prejudice in this case and it is insufficient to abridge Plaintiffs' liberal right to amend their complaint.

Second, the amendment will not realistically delay resolution of the case. This case is a long way from over, regardless of any amendment. The addition of a party who in some ways is already involved from the sidelines will not have a truly material impact on when the merits of the case are reached.

Third, Defendants argue that they will be prejudiced from delay that will result from dispositive motion practice contemplated with respect to the amended pleading. The Court disagrees. Any dispositive motion practice that may occur is a voluntary decision that either L'Oreal company may make with respect to the amended

pleading. However, the likelihood that Defendants may attack the amended complaint with motion practice does not render the amendment itself prejudicial.

### 2. No Undue Delay

"Delay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (district court erred in not permitting amendment 10 years after original complaint when there was no demonstrated prejudice). Delay is only undue when it places a burden on the Court or causes prejudice to the non-moving party. Marlowe Patent Holdings v. Dice Electronics, LLC, 293 F.R.D. 688, 695 (D.N.J. 2013).

Delay is not an issue in this case. As has already been explained, the amendment will not cause L'Oreal USA to suffer any prejudice. The absence of prejudice renders any arguable delay materially irrelevant. Moreover, the motion is not brought on the eve of trial or after Defendants have prevailed on a summary judgment motion. Indeed, the Court intends to enter another scheduling order with dates that will include months of additional discovery, which does not even account for additional time that will be needed for expert discovery and motion practice. Despite the age of the case, the fact is Plaintiffs have brought their motion to amend relatively early in the proceedings.

### 3. The Amendment is Not Clearly Futile

The futility analysis on a motion to amend compares to a Rule 12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not ***clearly*** futile, then denial of leave to amend is improper. This does not

> require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); see also 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990).  Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ."  Marlowe Patent Hold., 293 F.R.D. at 695.

     Plaintiffs' proposed claims are not clearly futile or frivolous.  First, it is alleged that the new L'Oreal party played a significant role in developing, testing and marketing the products at issue in the case.  As to the RICO claim, such a claim requires: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activities.  See Camiolo v. State Farm Fire & Cas Co., 334 F. 3d 345, 364 (3d Cir. 2003).  Those umbrella elements have many sub-elements that must be pleaded.  Plaintiffs' moving brief spends much time articulating how they have pleaded each required element, including by citation to the paragraphs in the proposed amended pleading. (Pls.' Br. 21-27.)  Defendants' opposition does not proceed to challenge Plaintiffs' RICO claim element-by-element.  It is enough to say that Defendants view Plaintiffs' RICO claim as a "relabeling of their garden-variety false advertising claim," and representative of nothing more than corporations acting in their own interests, which is perfectly appropriate. (Defs.' Br. 13-14.)  It is possible that Defendants may challenge the RICO claim through a motion to dismiss, which is their right.  But, for purposes of Rule 15, the Court accepts the allegations in the proposed pleading as true and is concerned only with definite frivolousness.  Harrison Beverage, 133 F.R.D. at 468.  This is not substantive motion practice, which by nature is dispositive.  And Plaintiffs' proposed pleading is not on its face frivolous.

     The Court would not hesitate to deem the claim futile if it were, for example, barred by the statute of limitations or otherwise plainly prohibited by law.  However, a futility determination here would require a searching analysis of the complex elements of a RICO claim, which exceeds the inquiry appropriate on this motion.  Moreover, even if the analysis were performed and the claim was determined to be deficient, it is plausible that an amendment of the proposed amendment would be permitted before finally deciding the motion.  That is not the contemplation of Rule 15 motion practice.

Plaintiffs' contract claims and claims against L'Oreal France are also not frivolous on their face. Defendants argue that Plaintiffs have no contract with either L'Oreal company and therefore lack the privity necessary for a breach of contract claim. (Defs.' Br. 15-16.) They also argue that L'Oreal France is not subject to personal jurisdiction in New Jersey. (Id.) However, as with the RICO claim, there is no glaring futility about Plaintiffs' claims. And both issues presented can require a more searching analysis than may be appropriate in the context of a motion to amend. See, e.g., In re Azek Bldg. Products, Inc. Mktg. and Sales Practices Litig., 2015 WL 410564, at *7 (D.N.J. Jan. 30, 2015) ("the fact-intensive nature of privity frequently renders dismissal at the pleading stage premature); Synthes, Inc. v. Marotta, 281 F.R.D. 217, 230 (E.D. Pa. 2012) (collecting cases) (noting, *inter alia*, the absence of papers from the party to be added, as well as the "general reluctance" in the Third Circuit to "rule on personal jurisdiction questions in the context of a motion for leave to amend a complaint."); see also Marcus v. BMW of N. Am., LLC, 08-5859, slip op. at 3, CM/ECF No. 118 (D.N.J. Dec. 22, 2009).

Some of Plaintiffs' claims may ultimately fail. However, for purposes of this motion and Rule 15, the Court is not able to conclude that any of Plaintiffs' claims are clearly futile. Harrison Beverage Co., 133 F.R.D. at 468.[6]

---

6 Defendants also claim that Plaintiffs' amendment, at least as it relates to L'Oreal France, is advanced in bad faith and only as the result of their inability to secure French discovery through L'Oreal USA. As the parties are aware, Plaintiffs contend that L'Oreal USA is in the possession, custody or control of its French parent's documents such that they should be required to produce them pursuant to Rule 34. Contrary to Defendants' suggestion, Plaintiffs were not unsuccessful on that application and it remains pending. The Court sees no bad faith present in seeking discovery from the parties that are presently in the case – while at the same time seeking leave to amend the complaint to assert claims against whatever companies they believe may be appropriate. Indeed, in this case, the implicit involvement of L'Oreal France through its subsidiary in the context of long standing discovery disputes could be argued to negate any bad faith or prejudice.

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiffs need not show "good cause" for seeking leave to amend; that if a showing of "good cause" was required, Plaintiffs have done so anyway; and that the proposed amended complaint is neither delayed, prejudicial, nor, for purposes of Rule 15, futile.   For those reasons, Plaintiffs' motion is **GRANTED**.


                                                    **s/Mark Falk**
                                                    **MARK FALK**
                                                    **United States Magistrate Judge**


**DATED**: September 30, 2015